IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN B. SHEFFIELD,

    Plaintiff,

v.   CASE NO. 4:11-cv-245-MP-GRJ

RANDOLPH P. MURRELL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and seeks leave to proceed as a pauper. Docs. 1 and 2.  Plaintiff names as the sole defendant Federal Public Defender Randolph P. Murrell.  Upon careful consideration of the Complaint, it is recommended that leave to proceed as a pauper be denied, and that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The Court takes judicial notice of the following facts, based upon a review of the docket in *United States v. John Benjamin Sheffield*, case number 4:06-cr-74-SPM-WCS.  In 2006, Plaintiff was charged in a three-count indictment with drug and firearm offenses.  The Court appointed Mr. Murrell to represent Plaintiff in connection with the charges.  In January 2009, after a series of mental health evaluations, Plaintiff was ordered committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246, upon a finding by Senior United States District Judge W. Earl Britt that Plaintiff's release would present a substantial risk of bodily injury to another person or serious

damage to the property of another.  *United States v. John Benjamin Sheffield*, case number 5:08-hc-2125-BR, Doc. 9 (1/27/09).  In January of 2010, Judge Britt determined that the Defendant continued to meet the criteria for commitment to the custody of the Attorney General.  *Id*. Doc. 18.  Another competency hearing is scheduled for September 6, 2011.  *Id*. at 38.  Plaintiff's criminal case in this District remains pending.  *See United States v. Sheffield*, case number 4:06-cr-74-SPM-WCS, Doc. 50 (denying motion to dismiss charges).  Mr. Murrell continues to represent Plaintiff in that case.

In the instant complaint, Plaintiff alleges that he has been denied his constitutional right to due process and the effective assistance of counsel in his pending criminal case, and that Mr. Murrell has failed to comply with state bar rules in connection with his representation of Plaintiff.  Plaintiff contends that Mr. Murrell has engaged in legal malpractice, has colluded with prosecutors to keep Plaintiff from exercising his right to liberty, and has misrepresented Plaintiff in his criminal case.  For relief, Plaintiff seeks compensatory and punitive damages.  Doc. 1.

## Discussion

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted."   To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint "must contain something more . . . than . . . a statement of facts that merely

creates a suspicion [of] a legally cognizable right of action." *Id*.; *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

Plaintiff's malpractice claims against the Federal Public Defender are not cognizable under *Bivens*. Federal public defenders are immune from civil rights suits arising out of alleged malpractice. *Rogozinski v. Spaulding* 2009 WL 1259361, **1 (11th Cir. 2009) (unpublished) (citing *Sullens v. Carroll*, 446 F.2d 1392, 1392-93 (5th Cir.1971) (per curiam) (holding court-appointed lawyers were immune from malpractice suits); *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir.1972) (per curiam) (extending *Sullens* to civil rights actions against public defenders in federal prosecutions)).[1] Because Plaintiff's claims against Mr. Murrell allege malpractice in the pretrial stage of his criminal case, Mr. Murrell is immune from a civil rights suit. *See Rogonzinski*, 2009 WL 1259361 at **1. To the extent that Plaintiff alleges he has been denied his Sixth

---

[1] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

Amendment right to the effective assistance of counsel in his criminal case, because that case remains pending any issues regarding Plaintiff's representation should be raised in that case.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed as a pauper, Doc. 2, be **DENIED,** and that the Complaint, Doc. 1, be **DISMISSED** pursuant to 28 U.S.C § 1915A(b)(1) for failure to state a claim upon which relief may be granted..

**IN CHAMBERS**  this 7th day of June 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**